COLUMBUS MCKINNON CORPORATION, Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY and Liberty Mutual Insurance Company, Defendants.

15 Civ. 5088 (VM)

United States District Court, S.D. New York.

Signed December 21, 2016

---

9. Defendant requested oral argument on their motion to dismiss. (Doc. 36). I do not find oral argument to be necessary.

Joseph Louis Pellis, II, Julie Lynn Burgener, Michael Alexander Kozik, Michael James Tenuto, Pellis Law Group LLP, Lisle, IL, Daniel R. Lavoie, Pellis Law Group LLP, New York, NY, for Plaintiff.

Stephen V. Gimigliano, John Maloney, Juliette J. Song, Graham, Curtin P.A., Morristown, NJ, Lloyd Andrew Gura, Eric J. Voigt, Mound Cotton Wollan & Greengrass, New York, NY, for Defendants.

**DECISION AND ORDER**

VICTOR MARRERO, United States District Judge.

Plaintiff Columbus McKinnon Corporation ("CMCO") commenced this action against defendants The Travelers Indemnity Company ("Travelers") and Liberty Mutual Insurance Company ("Liberty Mutual"), alleging that insurance policies issued to CMCO by Travelers and Liberty Mutual obligate them to defend and indemnify CMCO with respect to thousands of lawsuits filed against CMCO for personal injury allegedly caused by exposure to asbestos-containing products manufactured and sold by CMCO and its predecessors (the "Underlying Lawsuits"). (See "Complaint," Dkt. No. 1.)

CMCO, by letter dated September 13, 2016, requests leave to file an expedited motion regarding whether a recent decision by the New York Court of Appeals, In Re Viking Pump, Inc., 27 N.Y.3d 244, 33 N.Y.S.3d 118, 52 N.E.3d 1144 (2016), compels Liberty Mutual to pay 100 percent of CMCO's defense costs for any claims covered by the policies Liberty Mutual issued to CMCO. ("September 13 Letter," Dkt. No. 56.) Viking Pump held that certain insurance policies containing non-cumulation provisions obligate the insurer to pay 100% of defense costs. See 33 N.Y.S.3d 118, 52 N.E.3d 1144, 1155–56 (2016). CMCO contends that Viking Pump mandates the same result here because the relevant provisions of Liberty Mutual's insurance policies at issue in this case are substantially identical to those at issue in Viking Pump. (See Dkt. No. 56; "September 21 Letter," Dkt. No. 59.) CMCO contends that no additional discovery would be needed to resolve this issue, which it believes may help narrow the scope of the dispute and facilitate an amicable resolution. (See Dkt. Nos. 56, 59.)

By letters dated September 15 and 29, 2016, Liberty Mutual opposes CMCO's request on the grounds that it is premature and that briefing the issue at this point would be a waste of judicial resources. ("September 15 Letter," Dkt. No. 64; "September 29 Letter," Dkt. No. 58.) Liberty Mutual argues that (1) Viking Pump is distinguishable on the facts and in any event requires interpretation of all the relevant policies; (2) all issues regarding allocation to different policies should be heard at the same time to conserve resources and prevent incompatible or piecemeal decisions; and (3) a recent decision by Judge Koeltl supports Liberty Mutual's conten-

tion that CMCO's proposed motion would raise fact-intensive issues.

The Court is persuaded that interpretation of the relevant policies and whether and how Viking Pump applies to them are issues more appropriately determined on a fuller record on a motion for summary judgment rather than pursuant to an expedited briefing schedule. Determining the application of only one policy to the parties' dispute while discovery is still outstanding risks inconsistent findings and, because it may require reconsideration on a fuller record, constitutes an inefficient use of limited judicial resources.

CMCO's request for leave to file an expedited motion is therefore DENIED.

**SO ORDERED.**